IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark M. DITTER, Attorney at Law.

Supreme Court

*No. 94–0569–D. Filed November 3, 1994.*

(Also reported in 523 N.W.2d 105.)

PER CURIAM.    *Attorney disciplinary proceeding; attorney's license suspended.*

We review the report of the referee recommending that the license of Mark M. Ditter to practice law in Wisconsin be suspended for 60 days as discipline for intentionally continuing to practice law while he was prohibited from doing so by virtue of his failure to comply with the court's continuing legal education requirements. We determine that the recommended discipline is the appropriate response to Attorney Dit-

ter's professional misconduct established in this proceeding.

Attorney Ditter was licensed to practice law in Wisconsin in 1983 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. Following a hearing, the referee, Attorney Joan Kessler, made findings of fact and conclusions of law establishing Attorney Ditter's misconduct.

The Board of Bar Examiners (Board) which is charged with enforcing the court's rules requiring continuing legal education of lawyers licensed to practice in Wisconsin, sent the appropriate letters of noncompliance with those requirements to Attorney Ditter. The Board's subsequent notice of his ineligibility to practice law because of that noncompliance was sent to him on June 2, 1992 but was returned unclaimed after it had been forwarded by the postal service to Attorney Ditter's new address. When Attorney Ditter sent the Board on August 25, 1992 a completed form purporting to set forth his compliance with the continuing legal education requirements, the Board wrote to him the following day that he remained ineligible to practice law because of a deficiency in his report of completion of the requisite number of education credits, some of which he had previously reported to satisfy the requirement of an earlier period. Attorney Ditter then did not contact the Board until April 26, 1993 and he was reinstated to practice on May 25, 1993, upon establishing compliance with the applicable requirements.

The referee rejected Attorney Ditter's contention that his failure to respond timely to the Board was the result of stress in his personal life and new assignments given to him in his practice. The referee also rejected his claim that he had no formal notice of his

ineligibility to practice law, noting that Attorney Ditter elected on two occasions to refuse acceptance of certified mail from the Board and he used an address at which he could not conveniently receive certified mail. Because Attorney Ditter intentionally continued practicing law from June 2, 1992 through April 26, 1993, while prohibited from doing so by the court's rules, the referee considered his misconduct sufficiently serious to warrant the suspension of his license to practice law for 60 days.

IT IS ORDERED that the license of Mark M. Ditter to practice law in Wisconsin is suspended for a period of 60 days, commencing December 5, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark M. Ditter pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Mark M. Ditter to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Mark M. Ditter comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.